UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20307-CR-MARTINEZ/AOR

UNITED STATES OF AMERICA,

v.

ANTONIO GLASS, et al.,

Defendants.
_____/

## AMENDED REPORT AND RECOMMENDATION RE: FEES FOR DEFENDANTS' EXPERT DR. ROBERT A. LEONARD

THIS CAUSE came before the undersigned for Report and Recommendation on the appropriateness of the Voucher for Expert Services (hereafter, "Expert Voucher") submitted by Defendants' Language Expert Dr. Robert A. Leonard ("Dr. Leonard"), pursuant to an Order of Reference issued by the Honorable Jose E. Martinez, United States District Judge, pursuant to Title 28, United States Code, Section 636 [D.E. 897].

By Orders dated July 2, 2018 and September 4, 2018, the Court approved the following budget amounts for Dr. Leonard: 200 hours at rate of $250 per hour, plus $1,000 in travel costs and $150 in miscellaneous costs and expenses, for a total of $51,150. See Orders [D.E. 544, 709].

Dr. Leonard traveled to Miami to testify at Defendants' trial but the government's case extended through the week of August 13, 2018. Dr. Leonard remained in Miami, expecting to render his expert testimony sometime between August 20 and 23, 2018. However, on August 19, 2018, the government moved to exclude Dr. Leonard's testimony [D.E. 667]. The government argued that Dr. Leonard's anticipated expert testimony, explaining the authorship and origin of language contained in admitted evidence, did not address matters beyond the scope of lay



understanding. Id. Defendant Michael Walker opposed the government's motion, arguing that Dr. Leonard had specialized expertise that would assist the jury in understanding that the portions of text in Facebook posts introduced by the government were derived from the lyrics of rap songs, rather than being the original thoughts and ideas of the writer [D.E. 676]. In his Expert Voucher, Dr. Leonard reported trial testimony preparation time and additional research time on August 16, 20 and 22, 2018. However, he did not testify at trial and his services ended on August 24, 2018.[1]

In his Expert Voucher, Dr. Leonard seeks reimbursement in the amount of $50,225.00 as compensation for 200.9 hours of services at the rate of $250 per hour, plus $1,740.49 in travel expenses, for a total amount of $51,965.49. This request exceeds the approved budget amount by $815.49.

Dr. Leonard is seeking compensation for 29.7 hours of time reportedly spent in preparation for trial testimony, as well as additional research. Because Dr. Leonard did not testify at trial, the undersigned respectfully recommends that Dr. Leonard's time be reduced by 20 hours for purposes of compensation.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Dr. Leonard's Expert Voucher be APPROVED in the reduced amount of $46,965.49, consisting of $45,225.00 as compensation for 180.9 hours at the rate of $250 per hour, plus $1,740.49 in travel expenses.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have fourteen days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez. Failure to timely file objections shall bar the parties from attacking on appeal the factual

---

[1] On August 30, 2018, all counsel rested [D.E. 707].

findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 5th day of March, 2019.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Jose E. Martinez
      Counsel of Record